**CT Corporation**

**Service of Process Transmittal**
10/14/2014
CT Log Number 525877674

TO: Georgette Maiale, Corporate Attorney
IKEA North America Services, LLC
420 Alan Wood Road
Conshohocken, PA 19428

RE: **Process Served in Virginia**

FOR: IKEA U.S. EAST, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Marga L Bushara, Pltf. vs. Ikea U.S. East, LLC, Dft. |
| DOCUMENT(S) SERVED: | Summons, Complaint, First Set of Interrogatories, First Request |
| COURT/AGENCY: | Prince Edward County Circuit Court, VA<br>Case # 153CL1400687600 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition - February 07, 2013 - Ikea, Prince Williams County, Virginia |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Glen Allen, VA |
| DATE AND HOUR OF SERVICE: | By Process Server on 10/14/2014 at 09:30 |
| JURISDICTION SERVED: | Virginia |
| APPEARANCE OR ANSWER DUE: | Within 21 days after service (Document(s) may contain additional answer dates) |
| ATTORNEY(S) / SENDER(S): | Kathleen M. Smith<br>Allen, Allen, Allen & Allen<br>3504 Plank Road<br>Fredericksburg, VA 22407<br>540-786-4100 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/15/2014, Expected Purge Date: 10/20/2014<br>Image SOP<br>Email Notification, Georgette Maiale georgette.maiale@ikea.com<br>Email Notification, Susan Plotts susan.plotts@ikea.com<br>Email Notification, Lou Patrick lou.patrick@ikea.com<br>Email Notification, Joanne Galette joanne.galette@ikea.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060 |
| TELEPHONE: | 804-217-7255 |

EXHIBIT A

Page 1 of 1 / GG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COMMONWEALTH OF VIRGINIA

SERVE



PRINCE WILLIAM CIRCUIT COURT
Civil Division
9311 LEE AVENUE
MANASSAS VA 20110
(703) 792-6029

Summons

To: IKEA U.S. EAST, LLC
REGISTERED AGENT:
CT CORPORATION SYSTEM
4701 COX ROAD
SUITE 285
GLEN ALLEN VA 23060

Case No. 153CL14006876-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, October 07, 2014

Clerk of Court: MICHELE B MCQUIGG

by _Brenda Elford_
(CLERK/DEPUTY CLERK)

Instructions: COMPLAINT/GENERAL TORT LIABILITY/1ST SET INTERROGATORIES/1ST REQUEST FOR PRODUCTION OF DOCUMENTS

Hearing Official:

Attorney's name: SMITH, KATHLEEN M
3504 PLANK ROAD
540-786-4100
FREDERICKSBURG VA 22407

**VIRGINIA:**

IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

CASE NO. CL14-6876

| | |
|---|---|
| MARGA L BUSHARA | PLAINTIFF, |
| v. | |
| IKEA U. S. EAST, LLC<br>Serve:    CT Corporation System, Registered Agent<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060<br>(Henrico County) | DEFENDANT. |

## COMPLAINT

1. On or about February 7, 2013, and at all times material hereto, defendant owned, operated, controlled and/or managed a retail store known as "Ikea," including the parking lot and surrounding areas, in Prince William County, Virginia [hereinafter "the premises."]

2. At that time and place, plaintiff was an invitee on the premises, preparing to enter the store for the purpose of inspecting and purchasing merchandise therein.

3. At that time and place, as plaintiff was walking towards an entrance of the store, she was caused to fall because of an uneven and unmarked surface existing at a point between the parking lot and the store entrance.

4. The uneven and unmarked surface which caused the plaintiff to fall was known or, in the exercise of reasonable care should have been known, to defendant.

5. It was the duty of defendant to use reasonable care in inspecting, designing, building and maintaining the premises so that persons, including the plaintiff, might traverse the premises with reasonable safety.

6. Defendant carelessly and negligently inspected, designed, built and maintained the premises so as to cause the plaintiff to fall due to the dangerous and unsafe condition described in paragraph 3 herein.

7. Defendant negligently failed to provide the plaintiff a safe place to walk and negligently permitted a dangerous and unsafe surface to exist on the premises at a place where members of the public, including the plaintiff, were expected to walk.

8. Defendant negligently failed to warn plaintiff of the dangerous and unsafe condition on the premises.

9. The dangerous and unsafe condition of the premises was known, or in the exercise of reasonable care should have been known, to the defendant and said dangerous and unsafe condition was unknown to the plaintiff.

10. As a result of the negligence of the defendant, plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has been deprived of earnings capacity.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of NINETY THOUSAND DOLLARS ($90,000.00), plus pre-judgment and post-judgment interest and costs.

Trial by jury is demanded.

MARGA L. BUSHARA

BY: /s/ KMSmith

KATHLEEN M. SMITH
VSB No. 71725
Allen, Allen, Allen & Allen
3504 Plank Road
Fredericksburg, VA 22407
(540) 786-4100
(540) 785-5246 (facsimile)
Kathleen.Smith@allenandallen.com

Attorneys for Plaintiff

**VIRGINIA:**

IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

CASE NO. CL14-6876

| | |
|---|---|
| MARGA L. BUSHARA | PLAINTIFF, |
| v. | |
| IKEA U.S. EAST, LLC | DEFENDANT. |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, by counsel, pursuant to the Rule 4:8 of the Supreme Court of Virginia, propounds the following Interrogatories to defendant, to be answered separately and fully, in writing under oath, within twenty-eight (28) days of service hereof.

### DEFINITIONS AND INSTRUCTIONS

a.  Each of the Interrogatories is deemed to be continuing in nature. In the event that at any later date or time you obtain any additional facts, obtain or make any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth in the answers to Interrogatories in accordance with the request, plaintiff demands defendant to amend the answers to the Interrogatories promptly and sufficiently to set forth fully such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e)(1)-(3) of the Rules of Supreme Court of Virginia.

b.  The word "document or things" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph,

index, tape data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

c. The words "identify" or "identity," when used in reference to a person, means that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the occurrence alleged in the Complaint. When used in reference to a document, the words "identify" or "identity" means that you are being asked to state the type of document, its date and author and its present location or custodian. If any document being identified is no longer within your possession or under your control, please state what happened to it.

d. Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

e. Where knowledge or information in possession of a party is requested, such request indicates knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, his attorneys.

f. The terms "describe," "detail" or "indicate" as used herein require that each and every discoverable fact be communicated with particularity. Where you are asked to describe a document or thing, please respond with such particularity so that your description would be sufficient for a Motion to Produce.

g. The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendant.

    h.    Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

    i.    The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

## INTERROGATORIES

1. State the full name of each defendant corporation or entity, the state of incorporation and name and address of each registered agent, if corporation; general partners, if partnership or officers, if an unincorporated association.

2. State the name, address, named insured, and policy limits of any liability insurance carrier that afforded coverage to you for the occurrence. If there are any questionable liability insurance coverages, state the insurance company, policy number and named insured and state the basis for denying or questioning the coverage that might otherwise be afforded.

3. Identify each and every eyewitness to the occurrence known to you, any insurance carrier affording you coverage, or your counsel.

4. Identify each person (not an eyewitness) having any knowledge of events leading up to or concerning the occurrence, including persons interviewed by or known to you, any insurance carrier affording you coverage, or your counsel.

5. State whether plaintiff made any statements, written or oral, concerning this action or its subject matter, including statements taken, written, prepared, obtained or overheard by defendant or by agents, servants and/or employees of defendant's liability insurance carrier. Identify such statements and their custodian or other person to whom such statements were made. Recite plaintiff's statements below.

6. Identify each person you expect to call as an expert witness at trial of this matter, stating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

7. If you contend that any other person, business, corporation or entity was at fault in causing the occurrence, identify each such person, business, corporation or entity and give all facts on which you intend to rely to prove such other person, business, corporation or entity was involved.

8. If at the time of the plaintiff's injury the premises identified in the Complaint were managed or operated by some other party, identify the party, the nature of such management or operations duties, and the period of such responsibility.

9. State what procedures were followed in inspecting, repairing, and/or otherwise maintaining the area where plaintiff fell, including inspections and corrective actions taken in the area before plaintiff was injured, what inspections and corrective actions were taken after the plaintiff was injured and the dates and times of each such inspection and action.

10. Identify by name, address, telephone number, employer and employment title or position each person who undertook or was present when each such inspection or corrective action identified in answer to Interrogatory 9 was made.

11. Describe each complaint, report or other communication between defendant or any agent, employee or other representative and any other person concerning the condition of the area where plaintiff was injured, identifying each such other person and the date of such communication.

12. If you or any person had any conversation with the plaintiff or have any knowledge of any statements made by the plaintiff, please identify all persons present during any such conversation or statement and exactly what was said by the plaintiff.

13. Identify each policy of insurance which might afford liability coverage to you for the occurrence. For each policy, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries and property damage, the limits of any premises med pay coverage, and whether question or doubt exists as to your rights under the policy.

14. If you allege that the plaintiff was guilty of negligence which proximately caused or contributed to cause the occurrence or injuries suffered by the plaintiff, please state all facts on which you will rely as tending to show that the plaintiff was negligent and please state the name and address of all persons having relevant knowledge of such.

15. If you or any agent or employee made or gave any statement, whether oral or written, to anyone regarding the happening of the occurrence, please state the name and address of each person to whom you made or gave any such statements, the date of such statements, the name and address of

each person knowing, having possession of or custody of any such statement, and the substance and content, as best you recall of each such statement.

16. If you know of any photographs taken of the scene of the occurrence, state the name and address of the person taking said photographs, what said photographs depict, and the name and address of the persons currently in possession of such.

17. State all facts you rely upon to support your denial of any allegation contained in plaintiff's Complaint.

18. State all facts you rely upon to support any and all affirmative defenses you assert in your Answer, stating which facts relate to each asserted affirmative defense.

19. If you contend that any or all of the injuries claimed by the plaintiff are not the result of the occurrence, please describe in complete detail the basis of this contention, all facts which support this contention, which specific injuries you contend are unrelated and the specific event, if any, you contend brought about any unrelated injuries.

20. If you contend that any of the medical treatment received by the plaintiff subsequent to the occurrence and claimed herein as damages was not reasonable, not medically necessary, or not causally related to the occurrence, please describe in complete detail the basis for this contention, identify all persons having knowledge of any facts which support such contention, and identify all documents which in any way support such contention.

21. If you contend that any of the medical bills incurred by the plaintiff subsequent to the occurrence and claimed herein as damages are not authentic, were not reasonably incurred, are not reasonable in amount, were not medically necessary, or were not rendered necessary by a medical condition proximately resulting from the occurrence (all as set forth in the case of McMunn v. Tatum, 237 Va. 558 (1989), please describe in complete detail the basis for this contention, identify all persons having knowledge of any facts which support such contention, and identify all documents which in any way support such contention.

22. If you or anyone acting in your behalf has performed, ordered or coordinated any observations or surveillance of the plaintiff since the occurrence, please provide the date of such, the nature of such, the activities observed, and the name, business and home address and telephone number of the persons conducting, coordinating and/or having knowledge of such.

MARGA L. BUSHARA

BY: *(signature)*

KATHLEEN M. SMITH
VSB No. 71725
Allen, Allen, Allen & Allen
3504 Plank Road
Fredericksburg, VA 22407
(540) 786-4100
(540) 785-5246 (facsimile)
Kathleen.Smith@allenandallen.com

Attorneys for Plaintiff

**VIRGINIA:**

IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

CASE NO. CL14-6876

| | |
|---|---|
| MARGA L. BUSHARA | PLAINTIFF, |
| v. | |
| IKEA U.S. EAST, LLC | DEFENDANT. |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Plaintiff by counsel, pursuant to the Rule 4:9 of the Supreme Court of Virginia, propounds the following Requests for Production of Documents and Things to the defendants, to be delivered to the offices of plaintiff's counsel within twenty-eight (28) days of service hereof.

### DEFINITIONS AND INSTRUCTIONS

a. Each of these Requests is deemed to be continuing in nature. In the event that at any later date or time you obtain any additional facts, obtain or make any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth in the response to the Requests, in accordance with the request, plaintiff demands defendant to supplement the response to the Requests promptly and sufficiently to set forth fully such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e)(1)-(3) of the Rules of the Supreme Court of Virginia.

b. The word "document or thing" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study,

handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

    c.    The words "identify" or "identity," when used in reference to a person, means that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the occurrence alleged in the Complaint. When used in reference to a document, the words "identify" or "identity" means that you are being asked to state the type of document, its date and author and its present location or custodian. If any document being identified is no longer in your possession or under your control, please state what happened to it.

    d.    The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

    e.    The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendants.

    f.    Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

## REQUESTS FOR PRODUCTION

1. Any and all statements taken from the persons identified in response to Interrogatory No. 3.

2. Any and all statements taken from the persons identified in response to Interrogatory No. 4.

3. Any and all statements identified in response to Interrogatory No. 5.

4. Any photographs, videotapes, movies or similar materials depicting the scene involved in the occurrence.

5. Any drawings, maps, diagrams, sketches or similar document depicting the premises in the near vicinity of the occurrence.

6. Any and all insurance agreements, policies or indemnity agreements under which any person or corporation insuring or indemnifying the defendant, their agents or representatives may be liable to satisfy any judgment which may be rendered in this action, or to reimburse or indemnify for payments made to satisfy such judgment.

7. Any and all contracts or written agreements of any kind between the defendant and any person, party, corporation or other entity describing, mandating, or otherwise pertaining to the inspection, repair, and/or maintenance of the areas of the occurrence.

8. All medical records, employment records or other documents obtained by subpoena duces tecum or other discovery during the course of this litigation.

9. Any and all documents which defendant will attempt to introduce at trial.

10. Any and all documents identified or relied upon in answers to Plaintiff's First Interrogatories.

MARGA L. BUSHARA

BY: *KMSmith*

KATHLEEN M. SMITH
VSB No. 71725
Allen, Allen, Allen & Allen
3504 Plank Road
Fredericksburg, VA 22407
(540) 786-4100
(540) 785-5246 (facsimile)
Kathleen.Smith@allenandallen.com

Attorneys for Plaintiff